William O. Hecht, Jr., J.
Tenants seek to annul an order of the Rent Administrator which increased rents under the 6% net annual return formula. Stripped of all unnecessary details, the vital issue to be resolved is whether the price paid by the landlord on December 2, 1957 for the property, $1,950,000, evidenced by $25,000 cash on contract, $175,000 cash down at closing, a third mortgage of $250,000 for 18 months at interest of 1%, the assumption of the $708,500 first mortgage, plus the execution of a $791,500 new purchase-money mortgage, constituted abnormal financing warranting the rejection by the Administrator of the sales price as a basis for the rent increase.
It should be noted that originally the Administrator refused to adopt the sales price as the valuation base and used instead the assessed valuation of $1,050,000, which resulted in a denial *137 of the landlord’s application for an increase. However, while a subsequent proceeding was pending the Appellate Division affirmed two decisions of this court which held that the Administrator was unreasonable in rejecting sales price as the valuation base simply because the buyer paid cash in an amount less than 15% of the total sales price (Matter of Bajart Management v. Weaver, 8 A D 2d 56; Matter of Wadsworth Props. Corp. v. Weaver, 8 A D 2d 705).
Petitioner insists that the terms of financing here were abnormal. It appears, however, that Warnecke, who sold the property to the present landlord, acquired title on March 3, 1953 for $1,100,000. The record reveals that the Administrator found that the sales price to the present owners was agreed upon before there was any discussion of the third mortgage, its term or rate of interest and that the third mortgage had a low interest rate because it was made as an accommodation to Warnecke.
Kaufman, one of Warnecke’s grantees, testified at the hearing before respondent with respect to the mortgage that Warnecke ‘ ‘ wanted a tax feature, he wanted a certain part of his cash in 1957, a certain part in 1958, and because of that request we were able to get a 9 and 18 month extension ’ ’.
The Administrator found as a fact that the third mortgage of $250,000 was made as an accommodation to the seller and that it had no effect upon the amount of the total sales price paid by the buyer.
I agree with the respondent that the price paid for the property in question in a recent bona fide sale was required to be used as the valuation base, since it was not affected by special circumstances. It was practically conceded that the sales price was the result of an arm’s length transaction. The Administrator, after an exhaustive investigation, determined that it would appear obvious that if the buyer was short of available funds, the seller would have requested and obtained a higher rate of interest than 1%. The Administrator found: “ Counsel for the tenants has also urged that since, concededly, this third mortgage was unusual, it must be deemed abnormal. Of course, this is not the necessary conclusion to be drawn on the facts of this transaction. Unusuality and abnormality are not synonymous. ’ ’
In Matter of Payson v. Caputa (9 A D 2d 226, 234) the Appellate Division unanimously held: “ The statute does not provide that the mere presence of special circumstances precludes use of a sale price, or at least such a reading is not unequivocally required. It does stipulate that the sale price be ‘ unaffected ’ *138 by the special circumstances. Of course, it is difficult to think of a forced sale, an exchange of property, a package deal, or a wash sale, in which the price would not be affected by such special circumstance so as to be utterly unreliable. Each one of these categories by very definition would seem to preclude the finding of a readily ascertainable and reasonable price in a fair market.”
In my view the bona fide sales price of $1,950,000 is the mandatory valuation base and the Administrator was entitled under all the circumstances here to adopt it. The rejection thereof would have been contrary to the holding in Pay son (supra), and would have ignored the rulings in Bajart Management and Wadsworth Props. Corp. (supra). This would be so, not because of the Administrator’s acceptance of the sales price because the cash payment was more than 15%, as petitioner contends, but in view of his supported finding that there was no abnormality in “ many other financing terms ”, as petitioner would have the court believe.
With respect to specific complaints that essential services were not being maintained, respondent found that the landlord had promptly remedied such complaints or made arrangements in good faith to do so. The record reveals that an inspection report of October 13, 1959 records “ all work required appears to have been or will be done by arrangement with tenants ”.
Under all the circumstances petitioner has failed to establish that he is entitled to the relief which he seeks. There is ample support in this record for the determination under review.
The application is therefore denied and the petition is dismissed.